1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY, a home rule charter county,

　　　　　　　　　　　　Plaintiff,

　　　v.

MICHAEL J. ABERNATHY; GINA M.
ABERNATHY; SCOTT C. BAISCH;
JENNIFER C. BAISCH; WARREN BERES;
VICKI BERES; JODY J. BREWSTER;
ANDREW J. FARACI; ALLISA E. FARACI;
PATRICIA J. HARRELL; ANDRZEJ
MILKOWSKI; LISA M. MILKOWSKI;
MICHAEL PARROTT; AND DIANA
PARROTT,

　　　　　　　　　　　　Defendants.

No. _____

**COMPLAINT FOR QUIET TITLE,
EJECTMENT, AND TRESPASS**

## I.　　INTRODUCTION

1.　　In this action, King County seeks to quiet title to that portion of the former railroad, known as the East Lake Sammamish Railroad Corridor ("Corridor"), located in Lot 4 of Section 6, Township 24N, Range 6 East ("Lot 4"). King County seeks to proactively protect the public's right to enjoyment of the Corridor land and waterlands adjoining Lake Sammamish and encompassing the East Lake Sammamish Trail, which is an essential part of the vibrant regional recreational trail system.

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    2.    Defendants' use of public lands without permission and without cost to enhance

2    their homes and estates near Lake Sammamish by building and maintaining docks, boat lifts,

3    cabanas, decks, walkways, hardscaping, fences and other structures constitutes trespass.  Their

4    encroachments and uses should be ejected and payments made for remediation and restoration of

5    the public lands, along with the payment of back rents.

6                                  **II.    PARTIES**

7    3.    Plaintiff King County is a municipal corporation organized and existing under the

8    laws of the State of Washington as a home rule charter county.  King County owns the East Lake

9    Sammamish Railroad Corridor ("Corridor"), which includes King County Tax Parcel No.

10   0624069013, adjoining Defendants' properties.

11   4.    Defendants Michael J. Abernathy and Gina M. Abernathy are residents of King

12   County and own property, King County Tax Parcel No. 8920100071, adjoining King County's

13   Corridor.

14   5.    Defendants Scott C. Baisch and Jennifer C. Baisch are residents of King County

15   and own property, King County Tax Parcel No. 8920100077, adjoining King County's Corridor.

16   6.    Defendants Warren Beres and Vicki Beres are residents of King County and own

17   property, King County Tax Parcel No. 8920100082, adjoining King County's Corridor.

18   7.    Defendant Jody J. Brewster is a resident of King County and owns property, King

19   County Tax Parcel No. 8920100070, adjoining King County's Corridor.

20   8.    Defendants Andrew J. Faraci and Allisa E. Faraci are residents of King County and

21   own property, King County Tax Parcel No. 8920100104, adjoining King County's Corridor.

22   9.    Defendant Patricia J. Harrell is a resident of King County and owns property, King

23   County Tax Parcel Nos. 8920100089 and 8920100105, adjoining King County's Corridor.

24

25

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

10.     Defendants Andrzej Milkowski and Lisa M. Milkowski are residents of King County and own property, King County Tax Parcel No. 8920100084, adjoining King County's Corridor.

11.     Defendants Michael Parrott and Diana Parrott are residents of King County and own property, King County Tax Parcel No. 8920100080, adjoining King County's Corridor.

### III.     JURISDICTION & VENUE

12.     This Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

13.     This Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391.

### IV.     FACTS

**A.  The East Lake Sammamish Trail and East Lake Sammamish Rail Corridor.**

14.     The East Lake Sammamish Trail ("ELST") is an 11-mile "missing link" in a 44-mile-long regional trail corridor that will connect the Burke-Gilman Trail, the Sammamish River Trail, the Marymoor Connector Trail, and the Issaquah-Preston Trail, linking Seattle to the Eastside and the Cascade Foothills.  The ELST is a County park, and once construction is completed, it will provide a multi-use recreational trail and non-motorized transportation corridor to residents from the City of Sammamish, King County, and throughout the region.

15.     King County completed construction of an interim, gravel trail in 2006.

16.     King County is currently upgrading the interim, gravel trail to a permanent, paved trail.  King County has divided the 11-mile ELST into five segments for planning purposes.  The first segment, located in the City of Redmond, was completed in 2011.  The second segment, located in the City of Issaquah, was completed in 2013.  The third segment, located in the City of Sammamish, was completed in 2015.  The fourth segment, is a 1.2 mile section from SE 43rd Way to SE 33rd Street, known as South Sammamish Segment A, which was completed in January 2018.

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

17.     The final segment of the ELST to be constructed is a 3.6 mile section, which runs from SE 33rd Street to Inglewood Hill Road and is known as South Sammamish Segment B.   The Clearing and Grading Permit application and 90% design plan set for South Sammamish Segment B has been approved by the City of Sammamish.  Staking and preparing the Corridor will begin in 2020 for construction in 2021.

18.     South Sammamish Segment B is the section of the ELST where Defendants own property that adjoins the ELST.

**B.     The ELST Is Built Within a Federally-Regulated Railroad Corridor Owned By King County.**

19.     The Seattle, Lake Shore & Eastern Railway Company ("SLS&E"), a predecessor of BNSF Railway Co. ("BNSF"), originally assembled the Corridor that now contains the ELST in the 1890s.  The Corridor contains a mix of property interests acquired as railroad easements or fee simple, depending on the terms of each acquisition.  *See Hornish v. King Cnty*., No. 2:15-cv-00284-MJP, 182 F. Supp. 3d 1124 (W.D. Wash. 2016) (J. Pechman), *affirmed* 899 F.3d 680 (9th Cir. 2018).

20.     On July 5, 1887, the Department of Interior approved a map of the SLS&E's proposed route along Lake Sammamish.  The approved map included Corridor located in Lot 4 of Section 6, Township 24N, Range 6 East ("Lot 4"), which is now adjacent to Defendants' properties.  The SLS&E acquired Lot 4 as a land grant from the United States through the General Railway Right of Way Act of 1875, 18 Stat. 482, 43 U.S.C. §§ 934-939 (repealed 1976) ("1875 Act").  Pursuant to the 1875 Act, the SLS&E's title to Lot 4 dates back to the Department of Interior's approval of the proposed route on July 5, 1887.

21.     Court decisions involving some of the Defendants in this case have previously recognized that the railroad acquired the Corridor within Lot 4 through the 1875 Act and that the Corridor is 200 feet wide including in *Beres v. United States*, 104 Fed. Cl. 408, 413 (2012) and *King County v. Beres*, 118 Wn. App. 1003 (2003).  Under the 1875 Act, railroads were granted

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1   exclusive railroad easements that are 200 feet wide, 100 feet on either side of the centerline of the

2   Corridor.   Railroad easements created by the 1875 Act are immune from adverse possession.

3       22.      The SLS&E completed construction of its tracks on the Corridor in 1888.

4       23.      The Trails Act preempts any extinguishment of any railroad easements and any

5   reversion to another owner that would normally occur under state law doctrines regarding

6   discontinuation of use.  The Trails Act "takes" these interests, which entitled affected persons to

7   seek compensation from the United States.  In this way, through the Trails Act, the Corridor

8   remains under STB jurisdiction so that it can be reactivated for rail use.

9       24.      In early 1997, BNSF conveyed its ownership interest in the Corridor to The Land

10  Conservancy ("TLC") through a duly-recorded quit claim deed.  The detailed metes and bounds

11  description in the 1997 quit claim deed shows that the Corridor is 200 feet wide next to each of

12  the Defendants' properties.  On September 16, 1998, the Surface Transportation Board issued an

13  order "railbanking" the Corridor under the Trails Act and authorizing interim use as a recreational

14  trail.  On September 18, 1998, TLC conveyed the Corridor to King County through a duly-

15  recorded quit claim deed.  The detailed metes and bounds description in the 1998 quit claim deed

16  shows that the Corridor is 200 feet wide next to each of the Defendants' properties.

17      25.      King County conducted an official survey of the entire Corridor in 1998.  The

18  survey confirms the width of the Corridor in Lot 4 as 200 feet wide.  The 1998 survey is filed and

19  of record with the County.

20      26.      Throughout the Corridor, including in Lot 4, King County either owns the property

21  it acquired through the duly-recorded quit claim deed in fee, or holds at least a railroad easement,

22  which grants King County exclusive use, possession, and control of the land, and the owner, if

23  any of any underlying fee interest has no right to use, occupy, or interfere with the same in any

24  manner whatever.

25

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

27.     Court decisions involving some of the Defendants in this action have previously held that adjacent property owners in Lot 4 "have no right to use or occupy the railroad right of way without permission from King County," which "[a]s successor to the SLS&E…holds an easement entitling it to exclusive use and occupancy of the railroad right of way."

28.     Because of the Trails Act, the Corridor remains a federally-regulated railroad corridor designated for interim use as a recreational trail.  As stated in the Trails Act:

> The Secretary of Transportation, the Chairman of the Surface Transportation Board, and the Secretary of the Interior, in administering the Railroad Revitalization and Regulatory Reform Act of 1976 [45 U.S.C. 801 et seq.], shall encourage State and local agencies and private interests ***to establish appropriate trails*** using the provisions of such programs. ***Consistent with the purposes of that Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service***, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case of ***interim use of any established railroad rights-of-way*** pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use ***shall not be treated***, for purposes of any law or rule of law, ***as an abandonment of the use of such rights-of-way for railroad purposes***. If a State, political subdivision, or qualified private organization is prepared to assume full responsibility for management of such rights-of-way and for any legal liability arising out of such transfer or use, and for the payment of any and all taxes that may be levied or assessed against such rights-of-way, then the Board shall impose such terms and conditions as a requirement of any transfer or conveyance for interim use in a manner consistent with this chapter, and shall not permit abandonment or discontinuance inconsistent or disruptive of such use.

18 U.S.C. § 1247(d).  The Trails Act also states: "Such trails may be designated and suitably marked as parts of the nationwide system of trails by the States, their political subdivisions, or other appropriate administering agencies with the approval of the Secretary of the Interior." § 1247(e).  Consistent with these provisions, King County intends construction of the ELST to fill the "missing link" in its system of regional trails.

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND TRESPASS – 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

**C. Adjacent Homeowners Use King County's Corridor Without Permission, Including by Building and Maintaining Elaborate and Substantial Docks and Associated Structures on King County Property.**

29.     In the century since the SLS&E assembled the Corridor, numerous property owners, including Defendants and their predecessors-in-interest, have built homes near the Lake. The value of these often multi-million dollar properties rose dramatically after BNSF stopped operating freight trains in the Corridor adjacent to their backyards.

30.     Since BNSF stopped operating freight trains on the Corridor, dozens of those same homeowners have filed lawsuits seeking to stop King County's construction of a public trail alongside their homes.   At the same time, many of these homeowners, including the Beres Defendants, have sought millions of dollars from the federal government for takings claims arising by operation of the Trails Act.

31.     Over the years, Defendants and their predecessors-in-interest have also built, maintained and used a number of encroachments within the Corridor.   These encroachments include elaborate and substantial docks, boat lifts, decks, walkways, hardscaping, fences and other structures.   Defendants' encroachments and uses trespass upon public lands owned by King County.   The entire width of the Corridor is part of the experience for trail users, whose enjoyment of public lands has been and is curtailed by Defendants' uses.

### FIRST CAUSE OF ACTION:
**Quiet Title and Ejectment**
**(All Defendants)**

32.     King County re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

33.     King County owns the Corridor in Lot 4 either as an exclusive railroad easement or in fee simple title.

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND TRESPASS – 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

34.     To the extent the Defendants or their predecessors in interest ever had any interest in the underlying fee to the Corridor, those rights were taken by the federal government when it issued the Notice of Interim Trail Use in 1998.

35.     King County should be adjudged the legal owner of the Corridor in Lot 4.  Under RCW 7.28, title to the Corridor in Lot 4 should be quieted to King County and Defendants should be ejected.

**SECOND CAUSE OF ACTION**
**Trespass**
**(All Defendants Except Milkowski)**

36.     King County re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

37.     King County has exclusive use, possession, and control of the Corridor in Lot 4, and the owner of any underlying fee interest, if any, in the Corridor has no right to use, occupy, or interfere with the same in any manner whatever.

38.     Defendants' entrance and use of King County's property in the Corridor in Lot 4 by erecting, maintaining and using various unauthorized improvements and encroachments was intentional and without authorization or invitation, express or implied.  Defendants knew or had reason to know that they did not have authorization continue with their encroachments.

39.     Defendants interfered with King County's property rights and possessory interest in the Corridor in Lot 4 by impeding King County's access to its property, interfering with the construction the ELST and preventing the public enjoyment of the ELST and the Corridor as public lands.

40.     Defendants' trespass was, and continues to be, the proximate cause of damage to King County's property.

41.     King County is entitled to recover damages including for restoration and remediation of the property and back rent for use of the public's lands.

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff King County prays for the following relief:

3      A.      For an order quieting title in King County to the Corridor in Lot 4;

4      B.      Defendants should be required to vacate any use of the Corridor and to remove any

5      authorized improvements erected, maintained or used within the Corridor in Lot 4;

6      C.      Defendants should be required to restore and remediate the Corridor in Lot 4 or

7      pay for such restoration and remediation;

8      D.      Defendants should be required to pay current and back rent for all unauthorized

9      uses of the Corridor in Lot 4 and all other damages, costs (including investigative costs)

10     and attorneys' fees available under RCW 4.24.630; and

11     F.      For such other relief as the Court deems just and equitable.

12     DATED this 14th day of January, 2020.

13                                         DANIEL T. SATTERBERG
                                           King County Prosecuting Attorney
14
                                           By: *s/   David Hackett*_____
15                                         DAVID HACKETT, WSBA #21236
                                           Senior Deputy Prosecuting Attorney
16                                         King County Prosecuting Attorney's Office
                                           500 Fourth Ave., 9th Floor
17                                         Seattle, WA 98104
                                           Telephone: (206) 296-8820 / Fax: (206) 296-8819
18                                         Email: david.hackett@kingcounty.gov

19                                         By: *s/ Emily Harris*_____
                                           EMILY J. HARRIS, WSBA #35763
20
                                           By: s/ *Benjamin Byers*_____
21                                         BENJAMIN C. BYERS, WSBA #52299
                                           Special Deputy Prosecuting Attorneys
22                                         Corr Cronin LLP
                                           1001 Fourth Avenue, Suite 3900
23                                         Seattle, WA 98154
                                           Telephone: (206) 625-8600 / Fax: (206) 625-0900
24                                         Email: eharris@corrcronin.com
                                                     bbyers@corrcronin.com
25
                                           *Attorneys for Plaintiff King County*

COMPLAINT FOR QUIET TITLE, EJECTMENT, AND
TRESPASS – 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819