UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY, | Case No. C20-0060-DGE-SKV |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO ALTER PRETRIAL SCHEDULE |
| MICHAEL J. ABERNATHY, et al., | |
| Defendant. | |

This matter comes before the Court on Defendants' Motion to Alter Pretrial Schedule, Dkt. 126.  Having considered the parties' submissions, the case record, and the governing law, the Court GRANTS Defendants' Motion for the reasons stated herein.

On July 26, 2021, the Court entered a Report and Recommendation on the parties' cross motions for summary judgment.  *See* Dkt. 96.  The parties filed their respective Objections to the Report and Recommendation, *see* Dkts. 103, 105, & 108, and those Objections are currently pending before the District Court.  On September 28, 2021, the parties stipulated to extend the expert disclosure deadlines from October 1, 2021, and October 22, 2021, to October 22, 2021, and November 12, 2021, respectively.  Dkt. 124 at 2.  The Court granted the parties' stipulation on September 30, 2021.  Dkt. 125.

ORDER GRANTING DEFENDANTS' MOTION
TO ALTER PRETRIAL SCHEDULE - 1

Subsequently, on October 7, 2021, Defendants filed the present Motion to Alter the Pretrial Schedule.  Dkt. 126.  Defendants ask the Court to extend the pretrial deadlines until after it has issued a final order on the parties' pending motions for summary judgment, arguing that because the final order will "significantly narrow the scope of the issues remaining for trial," the parties will be better able to prepare for expert testimony, discovery, and final dispositive motions following the ruling.  *Id.* at 2.  Plaintiff opposes Defendants' Motion, arguing that further case delays will impact its ability to plan for completion of its project.  Dkt. 130 at 5.  Further, Plaintiff contends Defendants have not demonstrated good cause for modifying the pretrial scheduling order.  *Id.* at 4–5.

Pretrial scheduling orders are designed to allow the district court to better manage its docket and facilitate a more efficient disposition of cases.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Id*. (citation omitted).  Instead, a scheduling order may be changed only for "good cause" and with the court's consent.  Fed. R. Civ. P. 16(b)(4).  "Good cause" means that scheduling deadlines cannot be met despite the diligence of the party seeking the extension.  *Johnson*, 975 F.2d at 609 (citations omitted).  In other words, if the party seeking the extension "was not diligent," then good cause does not exist and the inquiry should end.  *Id*.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* (citation omitted).  Ultimately, a district court has "broad discretion" to modify case deadlines.  *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) (citations omitted).

Here, there is no indication that Defendants have not been diligent, and a limited extension of the pretrial deadlines will better effectuate the purpose of the pretrial scheduling order. This case presents numerous complex legal issues, nearly all of which will be resolved by the District Court's final order on the parties' pending motions for summary judgment. Extending the pretrial deadlines will prevent the parties from preparing for trial on potentially moot issues, thereby promoting a more efficient and cost-effective disposition of the case.

For these reasons, the Court finds good cause for extending the pretrial schedule. Defendants' Motion, Dkt. 126, is GRANTED. The Clerk is directed to revise the pretrial schedule as follows:

| Event | Date |
| --- | --- |
| Disclosure of expert testimony under FRCP 26(a)(2) due: | 1/21/2022 |
| Disclosure of rebuttal expert testimony under FRCP 26(A)(2) due: | 2/11/2022 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (*see* LCR 7(d) or LCR 37(a)(2)): | 3/11/2022 |
| Discovery to be completed by: | 4/15/2022 |
| All dispositive motions must be filed by this date and noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)): | 5/13/2022 |

The Clerk is also directed to send copies of this Order to the parties and to the Honorable David G. Estudillo.

Dated this 20th day of October, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge