UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KING COUNTY,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ABERNATHY, *et al.*,<br><br>            Defendants. | CASE NO. 2:20-cv-00060-DGE<br><br>ORDER REQUESTING LIMITED BRIEFING ON WHETHER TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT |

This matter comes before the Court *sua sponte*. The Court, upon review of the record, requests the parties submit briefing limited to whether to certify the following question to the Washington State Supreme Court:

> Is a right of way conveyed under the General Railroad Right–of–Way Act of 1875, 43 U.S.C. §§ 934–939, a conveyance "patented by the United States" under Article XVII, § 2 of the Washington State Constitution?

### I.      BACKGROUND

This lawsuit concerns a 3.6-mile section of land (the "Corridor") running along the eastern side of Lake Sammamish in Washington State, the western edge of which runs over

1  shoreland.  (Dkt. No. 96 at 2.)  The Corridor originally came to be in 1887 when the federal

2  government granted the Seattle, Lake Shore & Eastern Railway Company ("SLS&E") a "right of

3  way" to build a railroad, which it did, under the General Railroad Right–of–Way Act of 1875, 43

4  U.S.C. §§ 934-939 ("1875 Act").  (*Id.*)  Subsequently, in 1998, the then out–of–service rail

5  corridor was "railbanked" under the National Trails System Act Amendments of 1983, 16 U.S.C.

6  § 1247 *et seq.*, and deeded to Plaintiff King County, which currently operates the Corridor as a

7  public trail.  (*Id.*)

8        Defendants own property that either abuts the Corridor or includes it, depending on who

9  you ask and the outcome of this lawsuit.  According to Defendants, the Corridor is an easement

10 and they own the land burdened by it, including the shoreland.  (Dkt. Nos. 40 at 6; 48 at 6.)

11 According to King County, Defendants do not own the land under the Corridor for various

12 reasons; one reason being that Defendants' deeds did not grant it to them.  (Dkt. No. 65 at 17.)

13 Another reason, which is more relevant to this order, is that Defendants do not own the shoreland

14 portion of the Corridor because the State of Washington did not have the authority to convey it to

15 Defendants' mutual predecessor in interest, Fritz and Helen Sutter.  (*Id.* at 21.)  Though the

16 parties agree the State entered into contract with the Sutters to sell the shoreland in 1948 and the

17 Sutters were deeded that land in 1958 after paying the full contract price of $654.50 (*see* Dkt.

18 Nos. 96 at 7; 43-12), King County argues that Washington disclaimed all title and claim to that

19 land in Article XVII, § 2 of the Washington State Constitution (Dkt. No. 96 at 19–26).  This

20 order concerns the § 2 disclaimer.

## II.    DISCUSSION

22       Washington State Constitution Article XVII, § 1 is a declaration of state ownership of

23 shorelands.  It reads:

> The state of Washington asserts its ownership to the beds and shores of all navigable waters in the state up to an including the line of ordinary high tide, in waters where the tide ebbs and flows, and up to and including the line of ordinary high water within the banks of all navigable rivers and lakes: *Provided*, that this section shall not be construed so as to debar any person from asserting his claim to vested rights in the courts of the state.

Wash. Const. art XVII, § 1.

Article XVII, § 2 is a disclaimer. In it, Washington "disclaims all title in and claim to all tide, swamp and overflow lands, patented by the United States: *Provided*, the same is not impeached for fraud." *Id.* § 2. In other words, Washington does not own shorelands that the United States previously "patented."

This lawsuit appears to present a novel question of Washington State constitutional interpretation. While case law reveals that a federal grant of fee ownership is recognized as having been "patented by the United States" under § 2, *see Stockwell v. Gibbons*, 58 Wn.2d 291, 393–94 (1961); *see also Kneeland v. Korter*, 40 Wash. 359 (1905), it is unclear whether a right–of–way conveyed under the 1875 Act likewise is recognized as such. The Washington Constitution does not include a definition of the word "patent." Definitions of the word "patent" and accounts from and histories about the Washington constitutional convention do not provide a clear answer either. *See Patent*, BLACK'S LAW DICTIONARY (1st ed. 1891); (Dkt. Nos. 106-2 at 165– 88, James Leonard Fitts, *The Washington Constitutional Convention of 1889* (1951); 106-3 (*Land Patents: The Convention Decides What They Will Hold*, SEATTLE POST INTELLIGENCER, Aug. 16, 1889)); *see also* Charles K. Wiggins, *The Battle for the Tidelands in the Constitutional Convention*, 44 WASH. ST. B. NEWS 15 (1990).

Under Washington law, a federal court may certify a question to the Washington State Supreme Court when "it is necessary to ascertain the local law of this state in order to dispose of

ORDER REQUESTING LIMITED BRIEFING ON WHETHER TO CERTIFY QUESTION TO WASHINGTON STATE SUPREME COURT - 3

such proceeding and the local law has not been clearly determined." Wash. Rev. Code § 2.60.020.

Determining whether a right of way conveyed under the 1875 Act is recognized under § 2 as having been "patented by the United States" is necessary to resolving this lawsuit. If Washington disclaimed its ownership in the shoreland via § 2, then it could not have sold that land to the Sutters, who in turn could not convey it. Yet not all unanswered questions of state law should be certified.

The parties should submit additional briefing on whether certification is appropriate or, in the alternative, identify authority specifically defining the phrase "patented by the United States" under § 2.

Additional briefing should be **no more than three pages** not including heading and signature line. Briefing is due by **June 10, 2022**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of May 2022.

David G. Estudillo
United States District Judge